# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

KENNETH R. LOEWE, )
)
                Plaintiff, )
)
                v. )        No. 06-4189-SSA-CV-C-NKL
)
JO ANNE B. BARNHART, Commissioner, )
Social Security Administration, )
)
                Defendant. )

## REPORT, RECOMMENDATION AND ORDER

Petitioner, an inmate confined in a Missouri penal institution, filed, in forma pauperis, a complaint under former 42 U.S.C. § 402(x)(1)[1] and its corresponding jurisdictional statute, 28 U.S.C. § 1343. Following such filing, it was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and W.D. Mo. R. 22.

In his petition, Loewe seeks court approval of a rehabilitation program under 42 U.S.C. § 402(x)(1) so that he may receive benefits for the years of 1990 to 1992. Petitioner indicates he sought approval from the sentencing court by filing a cause in April 2006 in the Circuit Court of the City of St. Louis. He states the sentencing court has failed to rule on his request.

Prior to a federal court approving a rehabilitation program for an inmate, the sentencing state court must be given the opportunity to do so. See Peeler v. Heckler, 781 F.2d 649, 652 (8th Cir. 1986). Thus, petitioner must show that he has exhausted the state judicial remedy before proceeding in this court. Loewe's petition in this case indicates the sentencing court has not ruled.

---

[1]Subsection (x)(1) of 42 U.S.C. § 402 was completely revised in 1994 by Pub. L. 103-387, § 4(a)(2), and the exception for prisoners actively and satisfactorily participating in a rehabilitation program was removed. Thus, the current version of 42 U.S.C. § 402 (x)(1) does not permit benefits to be paid to prisoners and does not authorize a court of law to approve a rehabilitation program.

Further, former section 402(x)(1) provided that benefits shall be suspended during incarceration "unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time." Under 20 C.F.R. § 404.468 (d), the exception is titled "Vocational rehabilitation exception" and states that "[n]o benefits will be paid to the prisoner for any month prior to the approval of the program."

Loewe asserts that in a previous case, this Court approved a program leading to a General Education Development certificate, but the Commissioner later held it did not fall within the exception. To the extent claimant seeks judicial review of that denial by the Commissioner, his request is time barred by 42 U.S.C. § 405(g), which states that a civil action must be commenced within sixty days of the Commissioner's final decision.

In this application, Loewe also indicates he took three courses in 1991 and 1992 with the University of Saint Mary. He completed one of them, Introduction to Sociology. This court does not see how the completed class can be called vocational and expected to result in petitioner's being able to engage in substantial gainful activity upon release.

The incomplete classes[2] were titled, Becoming a Master Student and General Psychology, which also cannot be expected to result in petitioner's being able to engage in substantial gainful activity upon release.

Likewise, Loewe has not indicated what his disability was or is, or otherwise set forth any facts which would lead the court to believe that these classes would overcome his disability and make him capable of employment upon release. See Borchelt v. Apfel, 25 F. Supp.2d 1017 (E.D. Mo.,1998).

More importantly, however, the regulations do not permit benefit payments for months prior to approval of the program. 20 C.F.R. § 404.468(d). Loewe is seeking approval for a program previously completed. The regulations appear to require preapproval of the program.

Finally, the court notes Loewe is still incarcerated in 2006. He took the classes almost fifteen years ago and does not appear to have been released at any time since then. He cannot

---

[2]Loewe does not indicate how long he actively participated in these two classes.

2

reasonably expect the Commissioner to find that he met the "within a reasonable time" requirement of the statute.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Having reviewed plaintiff's inmate account information, the court will grant him provisional leave to proceed in forma pauperis. However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For the reasons set forth above, the court finds plaintiff has failed to state a claim for which relief can be granted because (1) he does not appear to meet the requirements of the statute and regulations, (2) he seeks approval for previously completed classes for which benefits will not be paid, and (3) his petition is either time barred or untimely.

Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, ORDERED that plaintiff is granted provisional leave to proceed in forma pauperis, pursuant to 28 U.S.C. 1915, on the basis of indigence. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time

3

to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

As previously stated, the court has granted plaintiff leave to proceed in forma pauperis on a provisional basis. By doing so, the court has foregone collection of the $350.00 filing fee established for civil cases. Plaintiff is now warned that the court will attempt collection of the entire $350.00 filing fee if plaintiff files another pleading of any type whatsoever in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). Under section 1915(b), installment payments are permitted after the assessment and payment of an initial partial filing fee.

Dated this 18th day of September, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4